UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAORAN GUO and ZIJUN GUO,

                      Plaintiffs,

    -v-

SECRETARY ALEJANDRO MAYORKAS, DIRECTOR TAMIKA GRAY, and DEPUTY DIRECTOR SCOTT VELEZ,

                      Defendants.

CIVIL ACTION NO. 24 Civ. 4716 (PAE) (SLC)

**REPORT AND RECOMMENDATION**

**SARAH L. CAVE,** United States Magistrate Judge.

**TO THE HONORABLE PAUL A. ENGELMAYER**, United States District Judge.

    Plaintiffs Haoran Guo and Zijun Guo are minors under the age of eighteen who initiated this action pro se, paid the filing fee, and properly served Defendants. (ECF Nos. 1; 8–10; 18). They are or were foreign nationals who, through their Petition In The Nature Of Mandamus (ECF No. 1 ("Petition"))—which they purportedly signed themselves—seek an order directing the United States Citizenship and Immigration Services ("USCIS") to adjudicate each of their Applications to Register Permanent Residence or Adjust Status ("Form I-485" or "Applications"). In short, they ask the Court to speed up final resolution of their Applications for permanent residence in the United States.

    After Defendants appeared, the Honorable Paul A. Engelmayer referred this action for general pretrial supervision (ECF No. 12), and we then ordered Defendants to respond to the Petition (ECF No. 13). At Defendants' request, we extended the deadline for them to respond to November 19, 2024. (ECF No. 17). Before responding to the Petition, on October 4, 2024,

Defendants requested a conference to discuss how this case should proceed because (i) while the Petition was pending, USCIS had adjudicated and approved Plaintiffs' Applications, and (ii) Plaintiffs are unrepresented minors, so Defendants refrained from discussing this case directly with them. (ECF No. 18). We ordered Plaintiffs to respond to Defendants' request for a conference by October 21, 2024. (ECF No. 19). Plaintiffs did not respond. In fact, Plaintiffs have gone silent—the last docket entry evidencing Plaintiffs' communication with the Court and Defendants was July 18, 2024, when Plaintiffs filed their executed summonses. (ECF Nos. 8–10).

Plaintiffs have not requested in forma pauperis status, counsel, or the appointment of any other appropriate guardian or representative. Because they are minors, they lack capacity to bring suit themselves. See Berrios v. New York City Housing Authority, 564 F.3d 130, 134 (2d Cir. 2009).[1] Moreover, nothing in the record suggests Plaintiffs have sought or are seeking counsel to represent them in this matter on their own behalf. The case is at a standstill.

We consider the Cheung rule sua sponte: in simple terms, because minors and their nonlawyer parents cannot bring suit on the minors' behalf, district courts may consider whether to assist unrepresented minor plaintiffs before them by requesting volunteer representation on the minors' behalf. See Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998), overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007), (quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)).

First, Plaintiffs have not been found indigent, and they have not requested the Court's assistance in seeking pro bono counsel or a guardian ad litem. Second, allowing Plaintiffs more time "to retain counsel or to request the appointment of counsel[,]" Cheung, 906 F.2d at 62,

---

[1] Internal citations and quotations are omitted from case citations unless otherwise noted.

would be futile. The facts and circumstances of the case as it stands show that "no substantial claim might be brought on behalf of" Plaintiffs. Berrios, 564 F.3d at 134 (quoting Wenger, 146 F.3d at 125). Just because Plaintiffs are unrepresented minors does not mean they automatically receive the Court's assistance in sourcing proper representation. Id. To determine whether a substantial claim might be brought, we "must consider the merits of [Plaintiffs'] claim[s,]" Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986), but we stop short of "mak[ing] a merits determination of claims filed on behalf of a minor . . . who is not properly represented." Berrios, 564 F.3d at 134. The purpose of considering the merits of Plaintiffs' claims when deciding whether to request representation on behalf of unrepresented minors before the Court is to gauge whether Plaintiffs' "chances of success are extremely slim." Hodge, 802 F.2d at 60. Volunteer attorney hours are scarce, and the Second Circuit requires us to exercise those resources judiciously.

The Petition states that the Applications "have been pending without adjudication for much past the normal processing time[,]" and that Defendants "have willfully and unreasonably delayed adjudicating [the Applications], thereby depriving Plaintiff[s] of the benefit of becoming [] Lawful Permanent Resident[s] of the United States, and the peace of mind they are entitled to[.]" (ECF No. 1 at 1–2). Plaintiffs seek an order compelling Defendants to adjudicate the Applications. (Id. at 2). Although the Petition states that Plaintiffs' mother "was granted [a]sylum" in New York, Plaintiffs' mother does not appear to bring this action on Plaintiffs' behalf (and that is not to say her involvement would change the result here); on the current record, Plaintiffs are acting alone. (Id. at 1). Defendants submitted exhibits showing USCIS approved Plaintiffs' Applications on August 28, 2024 and September 20, 2024, respectively. (ECF Nos. 18-

3

1 at 1; 18-2). Plaintiffs' claims may be moot, and they may suffer from jurisdictional or substantive infirmities, but those issues are not before us. We do conclude, however, that the record is clear that Plaintiffs' "chances of success are slim," Hodge, 802 F.2d at 60, and that "no substantial claim might be brought" on their behalf. Berrios, 564 F.3d at 134 (quoting Wenger, 146 F.3d at 125). Accordingly, we decline to request representation on Plaintiffs' behalf.

Because Plaintiffs are unrepresented minors who have not sought representation on their own behalf, and because we decline to request representation on their behalf where no substantial claim might be brought, **we RECOMMEND dismissing the Petition without prejudice**. Berrios, 564 F.3d at 135.

To be clear, we take no position on the merits of Plaintiffs' claims. We recommend dismissal without prejudice only because a case cannot move forward where, as here, Plaintiffs may not bring suit on their own behalf and we conclude that the case is not appropriate for the Court to sua sponte seek volunteer representation for Plaintiffs. In these circumstances, the Second Circuit allows district courts to dismiss a case without prejudice. Id. Plaintiffs may, of course, retain counsel at any time and, through counsel, object to this Report and Recommendation or move to reopen this case if the District Court ultimately dismisses the Petition without prejudice.

The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Plaintiffs.

Dated:       New York, New York
             November 20, 2024

                                                                       _____
                                                                       SARAH L. CAVE
                                                                       United States Magistrate Judge

\*               \*               \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)).  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Such objections, and any response to objections, shall be filed with the Clerk of the Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Engelmayer.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).  If Plaintiffs do not have access to cases cited in this Report and Recommendation that are reported on Westlaw, they may request copies from Defendants' counsel.  See Local Civ. R. 7.2.